# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY a/s/o STACIE & ALBERTO VELEZ**<br>2775 SANDERS ROAD<br>NORTHBROOK, IL, 60062<br><br>        Plaintiff(s)<br>  v.<br><br>**SAMSUNG SDI**<br>150-20, Gongse-ro, Giheung-gu,<br>Yongin-si, Gyeonggi-do<br>and<br>**SAMSUNG SDI AMERICA, INC.**<br>3333 Michelin Drive, Ste. 700<br>Irvine, CA 92612<br><br>        Defendant(s) | Civil Action No:<br><br>JURY TRIAL DEMANDED<br><br>This document has been filed electronically. |

Plaintiff, Allstate Insurance Company a/s/o Stacie & Alberto Velez, by and through undersigned counsel, hereby demand judgment against Defendant and complain against them as follows:

## PARTIES

1. Allstate Insurance Company (hereinafter "subrogee" and/or "Allstate") is an Illinois corporation engaged, at all times relevant hereto, in the business of property (*inter alia*) insurance.

2. At all times relevant hereto, Allstate was duly authorized to engage in the business of insurance in the state of Pennsylvania.

3. At all times relevant hereto, Allstate provided, *inter alia*, property insurance to Stacie and Alberto Velez (hereinafter "the Velezs") in connection with the property located at 634 S. 27th Street Harrisburg, PA 17111 (hereinafter the "subject property"), under a policy of insurance which was in full force at all relevant times.

4. As a result of claims made under said policy which were duly paid, Allstate became subrogated to the rights and interests of the Velezs including the claims giving rise to this cause of action.

5. Upon information and belief, at all times relevant hereto, Defendants Samsung SDI America, Inc. and Samsung SDI – respectively – is a Corporation with a principal place of business located at the above referenced address (hereinafter collectively "Samsung SDI").

6. Upon information and belief, is in the business of, *inter alia*, selling, distributing, marketing, assembling and/or delivering component parts of computers, including computer batteries such as the computer battery at issue here.

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

10. Prior to April 21, 2012, the Velezs purchased a HP laptop computer believed to be a Model 2710P computer which contained a Samsung SDI battery.

11. On April 21, 2012, a fire erupted at the subject property, causing extensive damage to the Velez's real and personal property, as well as the imposition of additional expenses and hardship besides.

12. This fire was directly and proximately caused by a malfunction of the above-referenced computer and/or battery as is further and more fully described below.

## COUNT I – NEGLIGENCE

13. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

14. Samsung SDI owes a duty of reasonable care to the Velezs, and the Velezs relied upon Samsung SDI, in regard to the sale, distribution, marketing, inspection, and installation, *inter alia*, of their products, including the above-referenced computer battery.

15. The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Samsung SDI, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to market, sell, assemble, deliver and distribute a properly functioning computer battery;

        ii. failing to properly inspect, manufacture, distribute and/or test the computer battery;

        iii. failing to properly determine that the computer battery, and/or its component parts, were not in compliance with applicable standards; and/or

        iv. marketing, distributing, delivering, assembling and/or selling the computer battery when Samsung SDI knew, or should have known, that the battery would be unsafe for the reasons for which it was purchased.

    b. failing to adequately instruct and supervise its employees (etc., as above) so as to avoid the problems set forth in subparagraph (a) above;

      c.      failing to adequately warn the Velezs and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

      d.      failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in subparagraph (a) above;

      e.      failing to perform the services set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

      f.      violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

16.    As a direct and proximate result of Samsung SDI's aforementioned actions, and/or omissions, Samsung SDI is liable to Allstate for its damages.

17.    As a result of the conduct described above, Allstate, pursuant to the policy of insurance referenced above, was required to pay $236,720.28 to its insured for the repair and replacement of certain real property.

**WHEREFORE**, Allstate respectfully requests judgment against Samsung SDI in an amount of $236,720.28 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

18.    Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

19.    In conjunction with the sale, distribution, marketing, assembly and inspection of the battery, Samsung SDI expressly and/or impliedly warranted that the computer would be free from defects and safe to use for its intended purpose.

20.    The Velezs, to their detriment, relied upon the warranties set forth by Samsung SDI.

21. Based upon the aforementioned careless and negligent conduct on the part of Samsung SDI as set forth in Count I, Samsung SDI has breached these warranties.

22. Furthermore, based upon the fact that that the battery was not free of defects, was not of merchantable quality, and was not fit for the purposes for which intended, Samsung SDI breached the aforementioned warranties.

23. Plaintiff has performed all conditions precedent to recover based upon such breaches.

24. Allstate's damages, as described above, occurred as a direct and proximate result of, *inter alia*, Samsung SDI's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.§2-315 and §2-314(c), and as a result of Samsung SDI's breach of its expressed and implied warranties in violation of 13 Pa.C.S.A. §2-313, as well as the express and implied warranties set forth in the warranties that the Velezs purchased at the time of buying the computer and its battery, and/or any time prior or subsequent thereto.

25. As a result of the conduct described above, Allstate, pursuant to the policy of insurance referenced above, was required to pay $236,720.28 to its insured for the repair and replacement of certain real property.

**WHEREFORE**, Allstate respectfully requests judgment against Samsung SDI in an amount in excess of $236,720.28, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – STRICT LIABILITY

26. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

Case 3:02-at-06000 Document 321 Filed 03/25/14 Page 6 of 7

27. Samsung SDI is engaged, and at all times relevant hereto was engaged, in the business of designing, marketing, manufacturing, selling, assembling, delivering and distributing, *inter alia*, component parts of computers, including computer batteries, and specifically the battery at issue in this case.

28. Samsung SDI distributed, assembled, marketed, assembled, delivered and/or sold the subject battery in a defective and unreasonably dangerous condition.

29. Samsung SDI knew or should have known that the computer battery would, and did, reach the Velezs without substantial change in the condition in which it was originally selected and sold.

30. The aforementioned defects consisted of:

   a. design defects;
   b. manufacturing defects;
   c. component defects;
   d. use-instruction and/or warnings defects; and/or
   e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

31. For these reasons, Samsung SDI is strictly liable to Allstate under Section 402A of the Restatement (2d) of Torts, the Restatement (3d) of Torts, and applicable case law.

32. As a result of the conduct described above, Allstate, pursuant to the policy of insurance referenced above, was required to pay in excess of $236,720.28 to its insured for the repair and replacement of certain real property and became subrogated to its claims.

**WHEREFORE**, Allstate respectfully requests judgment against Samsung SDI in an amount of $236,720.28, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**NELSON LEVINE de LUCA & HAMILTON**

BY:   *s/Kevin M. McBeth*
      RAYMOND E. MACK, ESQUIRE
      KEVIN M. MCBETH, ESQUIRE
      518 Township Line Road
      Suite 300
      Blue Bell, PA 19422
      215-358-5100
      215-358-5101 (fax)
      kmcbeth@nldhlaw.com
      Attorneys for Plaintiff